**In re Neal J. BERGER, Petitioner.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–915.**

District of Columbia Court of Appeals.

Submitted Jan. 23, 2001.

Decided Feb. 15, 2001.

Before FARRELL, RUIZ and WASHINGTON, Associate Judges.

RUIZ, Associate Judge:

Petitioner was admitted to practice by the District of Columbia and New Jersey bars. On October 15, 1997, he was suspended from the practice of law for two years, and until further notice, by the Supreme Court of New Jersey for violating three provisions of New Jersey's Rules of Professional Conduct. In order to be reinstated in New Jersey, respondent was required to file a petition for reinstatement.

---

On September 16, 1999, in a reciprocal discipline case, this court imposed an identical two-year suspension, with a showing of fitness required prior to reinstatement. *See In re Berger,* 737 A.2d 1033, 1045 (D.C.1999). In recognition of New Jersey's summary reinstatement procedures, and the reciprocal nature of this case, we also accepted Bar Counsel's proposal that a suspended attorney be allowed to resume the practice of law in the District of Columbia once the attorney has demonstrated fitness to practice in a summary proceeding satisfactory to the original disciplining jurisdiction, absent objection by Bar Counsel that the attorney has not met the criteria of *In re Roundtree.*[1] *See Berger,* 737 A.2d at 1045–46.

On October 26, 1999, petitioner filed his Reinstatement Questionnaire and Petition for Reinstatement with the Board. The New Jersey Supreme Court summarily reinstated petitioner on December 21, 1999.[2] Bar Counsel filed a motion in support of summary reinstatement of petitioner with the Board on March 17, 2000,[3] concluding that petitioner had satisfied each of the five *Roundtree* criteria. On July 21, 2000, the Board recommended that petitioner be reinstated and, as contemplated in *Berger,* the fitness requirement be vacated in light of his summary reinstatement in New Jersey and Bar Counsel's conclusion that the *Roundtree* factors were met. When the

Office of Bar Counsel and the Board concur on a petition for reinstatement, this court's already considerable deference to the Board's determination is enhanced. *See In re Fogel,* 728 A.2d 668, 668 (D.C. 1999). Accordingly, pursuant to the summary reinstatement proceedings we announced in *Berger,* 737 A.2d at 1045–46, we vacate the fitness requirement previously imposed and reinstate Neal J. Berger to the practice of law in this jurisdiction.

*So ordered.*

---

1. *Roundtree* enumerates five factors to consider in making the determination for reinstatement: 1) the nature and circumstances of the misconduct for which the attorney was disciplined; 2) whether the attorney recognizes the seriousness of the misconduct; 3) the attorney's conduct since discipline was imposed, including the steps taken to remedy past wrongs and prevent future ones; 4) the attorney's present character; and 5) the attorney's present qualifications and competence to practice law. *See In re Roundtree,* 503 A.2d 1215, 1217 (D.C.1985) (citations omitted).

2. Sometime during the pendency of this case the Board adopted an internal rule to accommodate the procedure foreseen in *In re Berger* for summary reinstatement by providing for a motion to vacate a previously imposed fitness requirement upon certain conditions. *See* Board Rule 8.7 ( Motion to Vacate Order Imposing Fitness Requirement). This case does not require us to make any determination with respect to the Board Rule.

3. After reviewing Bar Counsel's motion, which the Board considered as a motion to vacate the fitness requirement under its new Rule 8.7, see *supra* note 2, the Board issued an order on May 30, 2000, requesting Bar Counsel to supplement the record by providing the underlying reasons that caused Bar Counsel to conclude that petitioner had recognized the seriousness of his misconduct, including a statement of whether Bar Counsel had interviewed the petitioner. Bar Counsel supplemented her motion with a filing on June 7, 2000.